UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dwayne Deleston,<br>*a/k/a Dwayne Curtis Deleston*,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>Federal Correctional Institution Estill Warden, Mildred Rivera; Federal Correctional Institution Estill Camp Administrator, Carlton; Lieutenant Yates; Lieutenant Bowen; Lieutenant Vincent; Lieutenant Buckler,<br><br>　　　　　　　　　Defendants.<br>_____ | C/A No. 6:11-2968-DCN-KFM<br><br><br><br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, Dwayne Deleston, a/k/a Dwayne Curtis Deleston, ("Plaintiff"), a prisoner in the Bureau of Prison's Federal Correctional Institution Sandstone ("FCI Sandstone") in Sandstone, New Mexico, proceeding *pro se* and *in forma pauperis*, brings this action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971),[1] seeking punitive damages. *See* ECF No. 1, p. 2-3. Plaintiff names as defendants in this action, the warden, the administrator, and three officers of Federal Correctional Institution Estill ("FCI Estill") in Estill, South Carolina, alleging that they violated Plaintiff's First and Eighth Amendment rights while he was incarcerated in FCI Estill. Under Local Civil Rule 73.02(B)(2) DSC, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights.

1

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review *pro se* complaints and petitions for relief and submit findings and recommendations to the District Court. Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The *in forma pauperis* statute authorizes a district court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and are held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

## BACKGROUND

Plaintiff alleges that on January 25, 2011, while he was an inmate in FCI Estill, he was subjected to retaliation in violation of his First Amendment rights and cruel and unusual punishment in violation of his Eighth Amendment rights, when Defendants

> conspired to file a defamatory report to have me transferred over 1000 miles away from my emotionally disabled family to a greater security prison with a management variable until 2013, in retaliation for me filing a grievance procedure exercising my constitutionally protected first amendment right against F.C.I. Estill Administration for placing me in administrative detention based on false pretense.

ECF No. 1, p. 2. Plaintiff further alleges that this retaliation was

> a form of punishment which caused unconstitutional prison conditions of confinement in transit pursuant to: (1) being subject to freezing temperatures while wearing only a papersuit, and (2) being locked in insufficient living quarters for more than 20 days with another inmate without any recreation nor telephone access in administrative detention at F.C.I. Terre Haute and (3) placed in administrative detention at Oklahoma Federal Center because incorrect information placed in my files stating I claim sovereign citizenship.

ECF No. 1, p. 3. Plaintiff seeks "punitive damages in the amount of $250,000.00 against each defendant." *Id.* Plaintiff alleges that he "ha[s] previously sought informal or formal relief from the proper administrative officials regarding the acts alleged . . . by exhausting the Bureau of Prisons ["BOP"] administrative remedies (BP-81/2, BP-9, BP-10, BP-11) and the matter was unresolved." *Id.* However, Plaintiff does not provide copies of any of the alleged denials of his BOP administrative remedies.

## DISCUSSION

For an inmate to state a colorable claim of retaliation, the alleged retaliatory action "must have been taken with regard to the exercise of some constitutionally protected right, or the retaliatory action itself must violate such a right." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). It is well settled that federal or state officials may not retaliate against an inmate for exercising his constitutional rights, including his right to access the courts. *See American Civ. Liberties Union v. Wicomico County*, 999 F.2d 780, 785 (4th Cir.1993). However, in order to state a cognizable retaliation claim under *Bivens* or 42 U.S.C. § 1983, an inmate must also "allege sufficient facts to warrant concern that the alleged retaliation might have a chilling effect on the exercise of the right to access the courts and show that he suffered more than *de minimis* inconvenience." *Goodman v. Smith*, 58 Fed. Appx. 36,

3

38 (4th Cir. 2003) (citing *Wicomico*, 999 F.2d at 785-86). The inmate must also point to *specific facts supporting his claim* of retaliation. "[B]are assertions of retaliation do not establish a claim of constitutional dimension." *Id*. (citing *Adams*, 40 F.3d at 75) (emphasis added).

Plaintiff's allegations fail to state a plausible retaliation claim. Plaintiff alleges that Defendants retaliated against him by transferring him to another federal prison because Plaintiff "fil[ed] a grievance procedure exercising [his] constitutionally protected first amendment right against F.C.I. Estill for placing [him] in administrative detention based on false pretense." *See* ECF No. 2-3. Contrary to Plaintiff's assertion, however, Plaintiff does *not* have a constitutionally protected interest in access to the grievance process. *Adams v. Rice*, 40 F.3d at 75 (Prisoners do not have a constitutional right of access to the grievance process). *See , e.g. Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991) ("Federal regulations providing for an administrative remedy procedure do not in and of themselves create a liberty interest in access to that procedure. When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance."). Plaintiff's alleged filing of a grievance against FCI Estill officials was not a protected exercise of his First Amendment rights. Therefore, Plaintiff's transfer - even if it was ordered in response to the filing of Plaintiff's grievance as Plaintiff alleges - was not taken with regard to the exercise of any constitutionally protected right belonging to Plaintiff. Furthermore, the alleged retaliatory action itself, *i.e.* Plaintiff's transfer, did not violate any of Plaintiff's rights because Plaintiff

4

has no protected constitutional interest in being housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution. *See Olim v. Wakinekona*, 461 U.S. 238, 250-51 (1983) (inmates have no due process right to choose their specific place of confinement); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976) (same). The placement and assignment of inmates into particular institutions or units are discretionary functions, and are not subject to review unless state or federal law places limitations on official discretion. *Hayes v. Thompson*, 726 F.2d 1015, 1016-17 & n. 1 (4th Cir.1984) (collecting cases). In 1995, the United States Supreme Court decided *Sandin v. Conner*, 515 U.S. 472 (1995), in which the Court held that a liberty interest implicating the Due Process Clause only exists where the prisoner can demonstrate that the challenged state or federal action would "inevitably affect the duration of his sentence" or impose "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484, 487. Examples of such "atypical and significant hardships" are transfer to a mental hospital and involuntary administration of psychotropic drugs. *See, e.g. Vitek v. Jones*, 445 U.S. 480, 493 (1980); *Washington v. Harper*, 494 U.S. 210, 221-22 (1990). "The transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence." *Hewitt v. Helms*, 459 U.S. 460, 468 (1983).

Plaintiff also alleges that he has proceeded to file written grievances on the issue, allegedly exhausting his BOP administrative remedies, and then Plaintiff filed this lawsuit. According to Plaintiff's own allegations, Plaintiff's right of access to the courts - which *is* a constitutionally protected interest - has not been hindered or chilled. Moreover, Plaintiff

has failed to allege any specific facts supporting his claim of retaliation. Plaintiff merely alleges, in conclusory fashion, that Defendants conspired to have him transferred because he filed a grievance complaining that his placement in administrative detention was "based on false pretense." *See* ECF No. 1, p. 2. As noted above, to state a plausible retaliation claim, a complaint must contain more than "bare assertions of retaliation." Under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. This requires a "plausible suggestion of conspiracy," *Twombly*, 550 U.S. at 565, and Plaintiff's Complaint must plead facts that would "reasonably lead to the inference that [Defendants] positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan." *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996). Plaintiff's Complaint makes only the bare, conclusory allegation that Defendants conspired to transfer Plaintiff to another institution which, even if true, was not an unlawful act. Such action is not alleged to have violated any constitutionally protected interest of Plaintiff by affecting the duration of his sentence or by imposing an atypical and significant hardship on him, in relation to the ordinary incidents of prison life. Consequently, Plaintiff's Complaint fails to allege sufficient facts to state a plausible retaliation claim, and Plaintiff's claim that Defendants violated his First Amendment rights should be summarily dismissed.

Plaintiff's Complaint also alleges that Defendants violated Plaintiff's Eighth Amendment rights because the conditions of Plaintiff's confinement during his transfer from FCI Estill to FCI Sandstone allegedly constituted cruel and unusual punishment. "In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment,

a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir.1993) (quotation omitted). The United States Supreme Court has explained that the first prong is an objective one: the prisoner must show that "the deprivation of [a] basic human need was objectively 'sufficiently serious'" - and the second prong is subjective: the prisoner must show that "subjectively 'the officials act[ed] with a sufficiently culpable state of mind.'" *Id.* (second alteration in original) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992).

Plaintiff alleges that he was "subject[ed] to freezing temperatures while wearing only a papersuit," "locked in insufficient living quarters for more than 20 days with another inmate without any recreation nor telephone access," and "placed in administrative detention . . . because incorrect information [was] placed in [his] files." *See* ECF No. 1, p. 3. Prison officials have a duty under the Eighth Amendment to provide humane conditions of confinement: they must ensure adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee the safety of inmates. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Plaintiff's vague claim that he was exposed to freezing temperatures while inadequately clothed, for some unspecified period of time, at some unspecified location, by some unspecified person(s) fails to allege that he suffered any injury and fails to allege a constitutional violation on the part of any of the named Defendants. A plaintiff must affirmatively show that a defendant

7

acted personally in the deprivation of his or her constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). Even if Plaintiff's allegations were sufficient to make out a plausible claim that Plaintiff was subjected to an extreme deprivation of basic human needs - which they do not - the Complaint contains no allegations that Defendants, all employees of FCI Estill, acted with deliberate indifference to so deprive Plaintiff while he was in FCI Terre Haute, and in the Oklahoma Federal Center, and in the unspecified location where he was allegedly subjected to freezing temperatures while in a paper suit. When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See Karafiat v. O'Mally*, No. 02-3992, 2002 WL 31845135, at *1 (6th Cir. 2002); *Lucas v. Ruth*, C/A No. 1:10-2456-TLW-SVH, 2011 WL 1831754 at *3 (D.S.C. Feb. 15, 2011). Moreover, the isolation inherent in administrative segregation or maximum custody is not itself constitutionally objectionable. *See Mickle v. Moore (In re Long Term Admin. Segregation of Inmates Designated As Five Percenters)*, 174 F.3d 464 (4th Cir. 1999). Indeed, the Fourth Circuit has noted that "isolation from companionship, restriction on intellectual stimulation[,] and prolonged inactivity, inescapable accompaniments of segregated confinement, will not render [that] confinement unconstitutional absent other illegitimate deprivations." *Sweet v. S. C. Dep't of Corrections*, 529 F.2d 854, 857 n.1 (4th Cir. 1975). The indefinite duration of an inmate's segregation does not render it unconstitutional because length of time is "simply one consideration among many" in the Eighth Amendment inquiry. *Hutto v. Finney*, 437 U.S. 678, 687 (1978).

With regard to Plaintiff's allegation that his lack of recreation for more than 20 days amounted to cruel and unusual punishment, an inmate must show specific harm resulting

from the deprivation of recreation and a complete denial of recreation for an extended period of time to establish an Eighth Amendment violation. *Compare Mitchell v. Rice*, 954 F.2d 187, 192 (4th Cir. 1992) (seven months without out-of-cell exercise violated constitutional standards of decency), and *Knight v. Armontrout*, 878 F.2d 1093, 1095-96 (8th Cir. 1989) (13 days without recreation does not rise to Eighth Amendment violation).[2] Even if Plaintiff's Complaint sufficiently alleged that the named Defendants were personally responsible for Plaintiff's alleged deprivation of recreation while he was in transit to another institution - which it does not - it fails to allege that any specific harm resulted from the deprivation and fails to allege that such deprivation rose to the level of a constitutional violation, based on the case law cited above. Additionally, it is well settled that prisoners have no constitutional right to the use of a phone. Therefore, Plaintiff's allegation that he was without telephone access for 20 days fails to state a claim. *See United States v. Alkire*, No. 95-7885, 1996 WL 16640, at *1 (4th Cir. Apr. 10, 1996) (no constitutional right to the use of a phone while in prison). Consequently, Plaintiff's Complaint fails to allege sufficient facts to state a plausible cruel and unusual punishment claim, and Plaintiff's

---

[2] Courts have considered duration in terms of days or weeks when setting a constitutional limit. *See Rust v. Grammer*, 858 F.2d 411, 414 (8th Cir. 1988) (no violation where yard privileges suspended for approximately two weeks); *Leonard v. Norris*, 797 F.2d 683, 685 (8th Cir. 1986) (no violation where prisoners denied access for 15 days in punitive isolation); *Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988) (no violation where prisoner had been denied yard and recreational time for the duration of his 28 day stay in segregation);*Caldwell v. Miller*, 790 F.2d 589, 600-01 (7th Cir. 1986) (no violation where four weeks after lockdown prisoners were permitted one hour of daily indoor exercise); *Hayward v. Procunier*, 629 F.2d 599, 603 (9th Cir. 1980) (no violation where four weeks after lockdown prisoners allowed one hour of exercise per day), cert. denied, 451 U.S. 937 (1981); *Sweet*, 529 F.2d at 866 (two exercise periods for one hour each per week may not transgress Eighth Amendment standard if confined to a relatively short period of maximum confinement).

9

claim that Defendants violated his Eighth Amendment rights should be summarily dismissed.

## RECOMMENDATION

Accordingly, it is recommended that the Complaint be summarily dismissed, without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

November 10, 2011                                s/ Kevin F. McDonald
Greenville, South Carolina                       United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **300 East Washington Street, Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).